### EMILY MOYE *v.* DAVID COGDELL.

An attorney cannot compromise his client's case without special authority to do so, nor can he without such authority, receive in payment of a debt due his client anything except the legal currency of the country, or bills which pass as money at their par value by the common consent of the community. A subsequent ratification of the acts of the attorney is equivalent to a special authority previously granted to do those acts, but it must be the ratification of the client himself and not of his agent.

This was a MOTION to set aside an execution made before his Honor, *Tourgee, J.*, at the Special Term of the Superior Court held for the county of WAYNE, in January last, when his Honor granted the motion in part and refused it for the residue, whereupon the defendant appealed.

The case is fully stated in the opinion of the Court.

*Faircloth & Grainger*, for the defendant.

*Battle & Son*, for the plaintiff, cited and relied on the following cases and authorities: *Ward* v. *Smith*, 7 Wallace, 447; *Howard* v. *Chapman*, 4 Car. & Payne, 508; *Law* v. *Cross*, 1 Black's Rep. 533; Story on Prom. Notes, sec. 115–389.

SETTLE, J. His Honor, the presiding Judge, states the case as follows : This was a motion to set aside an execution, and to have satisfaction of the judgment on which it issued entered of record.

The plaintiff gave the note on which suit was brought to her son, F. M. Moye, who was her general agent, to place in the hands of an attorney for collection, which was done by her son. Neither the plaintiff nor her son gave their attorney any special instructions, nor did they impose any limitations or restrictions on the powers of their attorney.

On the 5th of October, 1870, after a levy had been made on defendant Cogdell's property, he drew a draft on A. J. Finlayson & Bro., commission merchants in Goldsboro, payable to said attorney in sixty days, which was accepted by the merchants and received by said attorney on the same day.

At the same time of said acceptance the defendant, Cogdell, gave his promissory note to said Finlayson & Bro. for their acceptance, and afterwards paid said note. Finlayson & Bro. failed in business on the 23d of December, 1870, and were then insolvent. The plaintiff's agent was informed by the attorney before said failure that the attorney had received said draft, but did not repudiate his action, and said agent applied to Finlayson & Bro. soon after their failure for a part payment of said draft. A few days after the failure of Finlayson & Bro. the plaintiff's attorney for the first time notified defendant, Cogdell, that said draft was not paid, and demanded payment of the judgment, which was refused by Cogdell. At the time a small balance of Cogdell's note to Finlayson & Bro. was unpaid, which Cogdell thereafter paid to the holder thereof.

On the 14th of January, 1871, the plaintiff caused another execution on said judgment debt to be issued against defendants, to set aside which, this motion was made. The

findings of the jury upon the important issues submitted to them are as follows :

Did plaintiff's attorney receive the draft in payment of the execution debt? Answer, yes.

Did plaintiff's agent ratify said attorney's action? Answer, yes.

And thereupon, his Honor being of opinion that the draft should be considered as a discharge of the judgment, and allowed in satisfaction of the execution to the amount which the defendants had paid upon the note given to Finlayson & Bro., for their acceptance of the draft by the acceptors, gave judgment accordingly, and from this judgment the defendant appealed. We acknowledge the hardship which the principles of law, too well established to be questioned, impose upon the defendant in this case.

An attorney cannot compromise his client's case without special authority to do so, nor can he without such authority receive in payment of a debt due his client anything except the legal currency of the country, or bills which pass as money at their par value by the common consent of the community. And yet in this case it is contended that an attorney, after having obtained a judgment and execution and a levy on property, can discharge the whole and bind his client by taking a draft at sixty days, when it might be that suit would have to be brought after the sixty days on the draft, and the matter litigated for years in the Courts.

In *Ward* v. *Smith*, 7 Wallace, 447, Mr. Justice Field in delivering the opinion of the Court, says "that it is established by all of the authorities that the power of a collecting agent by the general law is limited to receiving for the debt of his principal that which the law declares to be a legal tender, or which is by common consent considered and treated as money, and passes as such at par."

A subsequent ratification of the acts of an attorney or

agent is equivalent to a special authority previously granted to do those acts.

But it will be observed here that there is no evidence that Mrs. Moye ever gave to her son or to her attorney any special authority to take anything in payment of her debt, save that which the law directs, nor is there any evidence or finding that *she* ever ratified the acts of her attorney.

True, the jury have found that her *agent* ratified the acts of her attorney, but the agent had no authority to bind her by such ratification.

The jury have passed upon the acts of the agent and sub-agent, but are silent as to the conduct of the principal. The defendant seems to have acted in good faith, but the sixty days' indulgence was given solely for his accommodation, and the measure would be equally as hard upon the plaintiff if she should be compelled to lose her debt by an unauthorized act of her attorney as it is for the defendant to answer for the consequences of an act done at his request and for his accommodation.

There was error. The motion to set aside the execution should have been refused.

Let this be certified.

PER CURIAM.                     Judgment accordingly.