## HERRING & FARRELL v. HOTTENDORF & HASHAGAN.

'The authority of an agent to collect debts, in the absence of evidence of the special employment of the agent, or the general usage of the business, or the habits of dealing between the parties, raising a presumption to the contrary, does not imply an authority to release a debt.

Evidence tending to show "that A was an agent for the plaintiff in selling safes, exchanging safes and collecting notes," is no evidence of authority to release a debt contracted in the course of such business.

CIVIL ACTION, tried before *Henry, J*, at December (Special) Term, 1875, of NEW HANOVER Superior Court.

The plaintiff, in 1873, through their agent, one Spiro, sold to the defendant an iron safe, for two hundred and thirty dollars, payable by note at four months after the execution thereof.   The defendants signed and delivered to Spiro, a written order for the safe.   On the 26th of April, 1873, the plaintiffs delivered the safe to the Lorrillard Steamship Company in New York for shipment to Wilmington, and the safe was shipped by said company on the steamer Francis Wright, and the defendants notified of the shipment.

During the passage to Wilmington the steamer was lost at sea with all her cargo, including the safe.

The defendant, Hashagan, was introduced as a witness, and testified: That Spiro, the agent of the plaintiffs, through whom he purchased the safe, was frequently in Wilmington, acting as the agent of the plaintiffs, selling safes and collecting notes for the plaintiffs.   In the month of August, 1873,

Spiro came to Wilmington and visited the store of the defendants, and had some conversation with them in regard to the safe. The counsel for the plaintiff objected to the admission in evidence of this conversation. The objection was over-ruled and the plaintiffs excepted.

The witness then testified: That Spiro asked him for the note that had been sent him by the plaintiffs to sign, and upon receiving the same, tore it in pieces, and stated that as the safe had been lost on the steamer Frances Wright, he would release the defendants from all liability on account thereof, and that he would send them another in place of it. The defendants have never received any safe.

The counsel for the plaintiff asked his Honor to charge the jury:

1. That there was no evidence that Spiro, as agent of the plaintiffs, had authority to release the defendants.

2. That the said release was without consideration, and not binding upon the plaintiffs.

The court declined the instructions prayed for, and charged the jury: That it was for them to say from the evidence, whether Spiro had the authority to constitute him a proper agent to release the defendants; that upon that point the evidence was conflicting; and that the facts deposed to by Hashagan constituted some evidence of such an authority, and if they believed that Spiro had the authority to make contracts for the sale and exchange of safes, and had charge of the business of the plaintiff in that line here, then he did have the authority to release the defendants and cancel the contract, and they would find a verdict for the defendants.

The jury found this issue in favor of the defendants. It was admitted that if the release by Spiro was not binding upon the plaintiffs, then they were entitled to judgment as prayed for in the complaint.

The plaintiffs moved for judgment *non obstante veredicto.*

Motion overruled.  Motion for a new trial.  Motion over-ruled, and the plaintiffs appealed.

*A. T. & J. London*, for the appellants.
*Russell*, contra.

Settle, J.  The question for determination is this: Did Spiro, the agent of the plaintiffs, have authority to *release* the debt due from the defendants to the plaintiffs?

The only evidence bearing upon this question is that of Hashagan, one of the defendants, who testifies that Spiro, through whom he purchased the safe, was frequently in Wilmington, acting as the agent of the plaintiffs, *selling safes, exchanging safes, and collecting notes for the plaintiffs*.  That sometime in August, 1873, Spiro asked the witness for the note that had been sent by the plaintiffs to be signed, and on receiving the note tore it to pieces, and stated, that as the safe had been lost on the steamer Francis Wright, he would *release* them from all liability on account of the safe, and that he would send them another in the place of it, and that defendants have never received any safe.

Does this testimony furnish *any* evidence that Spiro had authority to release the debt due from the defendants?

Authority to collect, does not, by any means, imply an authority to release a debt.

Parsons, in his work on contracts, says, "one known to be an agent to settle claims, and with specific authority to this effect, cannot be supposed to have authority to commute them." And it is said in Story on Agency §99, "An agent employed to receive payment, is not, unless some special authority beyond the ordinary reach is given to him, clothed with authority to commute the debt for another thing; or to release it upon a composition; or to pledge a note required for the debt, or the money when received; or to submit the debt or demand to arbitration; unless, indeed, the particular employment of

the agent, or the general usage of the business, or the habits of dealing between the parties should raise a presumption the other way."

In the case before us there is nothing to raise a presumption contrary to the general rule.

The agent, very generously attempted to *release* the debt due his principal without any consideration whatsoever, and actually promised to send another safe.

Our conclusion is that his Honor should have charged the jury that there was no evidence of such an agency as would authorize Spiro to release the debt.

Let the judgment prayed for in the complaint, be entered here, in accordance with the case agreed.

PER CURIAM.                          Judgment accordingly.