CLARA BRADFORD v. ROBERT WILLIAMS and others.

*Negotiable  Paper — Right  of  Endorsee  who  purchases  in  good faith.*

Plaintiff delivered to an attorney for collection a bond endorsed in blank by the payee, and the attorney transferred it to the defendant who paid full value and without notice of such professional relation; *Held,* that plaintiff cannot recover upon the bond as against the defendant.

(*Parker* v. *Stallings*, Phil., 590; *Morris* v. *Grier*, 76 N. C., 410; *Moye* v. *Cogdell*, 69 N. C., 93, cited and approved.)

CIVIL ACTION tried at Special July Term, 1884, of PASQUOTANK Superior Court, before *Shepherd, J.*

The plaintiff on January 28th, 1878, placed in the hands of William Martin, an attorney, and. the testator of the defendant, Elizabeth Martin, for collection a note under seal in the following form:

On or by the first day of January, 1877, I promise to pay Isaac W. Morrisett, or bearer, eleven hundred and sixty dollars, a part of purchase money for real estate whereon Isaac W. Morrisett resides.

Witness my hand and seal, this October 6th, 1874.

W. A. MOODY, [seal.]

Witness: Thos. Palmer.

The note upon its back bore the name of the payee as endorser in blank when delivered to the attorney.

The plaintiff alleges, and this is the *gravamen* of her complaint, that the attorney transferred the note to the defendant Williams in payment of his individual indebtedness, and without receiving any other consideration, and that the latter collected the full amount of the balance due (there having been partial payments previously to the transfer) from the debtor, and appropriated it to his own use. The action is against both defendants to recover the sum so paid by the debtor, Moody.

The defendant, Williams, in a separate answer denies the plaintiff's ownership, averring that the note was the property of the attorney, and that, at the instance of the debtor and with his own funds, the attorney being under no liability to him, he paid the amount of the note and took possession of it as evidence of his demand against Moody. It is not material to refer to the answer of the executrix since she is not a party to the appeal.

Issues agreed upon were submitted to the jury which, with their findings, are these:

1. Was the plaintiff the owner of the note at the time of the assignment? Answer—Yes.

2. Has the attorney Martin ever accounted to the plaintiffs for the note? Answer—No.

3. Was Martin indebted to Williams and was the note transferred by the former to the latter in payment of such indebtedness? Answer—No.

4. Was the note paid and taken up by Williams at the request of Moody, and did he pay to the attorney its full value? Answer—Yes.

5. When was the note transferred by the attorney to Williams? Answer—On March 15th, 1879.

6. Did Williams have notice at the time of the transfer

that the note was not the property of Martin? Answer—
No.

No exceptions were taken during the trial before the jury
and, upon the rendition of the verdict, the plaintiff moved
for judgment against both defendants for the sum paid to
Williams by the debtor. The court gave judgment against
the executrix, but refused the motion as to Williams and
adjudged that he go without day. From the refusal and
judgment for the latter, the plaintiff appeals.

*Messrs. Grandy & Aydlett*, for plaintiff.
No counsel for defendant.

SMITH, C. J., after stating the above. There is no error
in the ruling and it must be sustained.

The delivery of the note, with the endorsement of the
payee in blank—if indeed the same result does not follow
without it, it being payable to the " bearer," with no mark
upon the instrument to indicate any interest or property in
the plaintiff or other person—to Martin, although for the
unexpressed purpose of collection was in law an assignment
of the title thereto and conveyed a general authority to
dispose of it as his own.

The act involves in substance a declaration to all who
have no notice of the restricted agency or its trusts, that
they may deal with him as rightful owner. This principle
of commercial law governing the endorsement and transfer
of negotiable instruments, is essential to the integrity and
safety of commercial dealings, and too well understood and
acted on to need citations in its support. It is illustrated
in *Parker* v. *Stallings*, Phil., 590. In this case the defendant
Stallings, to whom the note was executed, endorsed it to
Jordan, his attorney, for collection under his advice that it
was necessary to do so ; but without stating any purpose in
the endorsement, and it was again by Jordan sold and

endorsed to the plaintiff Parker for full value and without notice of the terms of the previous endorsement to Jordan. It was decided that not only the title passed and a right of action vested in the plaintiff, but that the responsibilities of an endorser attached to the defendant and were transferred, from which he could not escape by showing, in the words of the opinion, "the fraud practiced by Jordan upon the other endorser." The rule seems to be, as thus declared, that the owner thus puts the note in the power of his endorsee to use and dispose of it, as his property, and is bound by his agent's acts and transactions, within the scope of his apparent authority, in his dealings with a *bona fide* assignee who pays full value therefor. It is a salutary rule for the maintenance of good faith and integrity in commercial transactions, which so often involve the transfer of negotiable papers.

But aside from this the jury find that the appellee took up the note with his own moneys and at the instance of the debtor, paying its full value and with no notice of an agency. This was clearly within the authority given to collect, and negatives the charge made in the complaint of a collusive transaction whereby the security was misapplied to the individual debt of the attorney.

The reference to adjudged cases in the argument for the appellant, Weeks on Attorneys, ch. 10, § 219, and notes at foot of page 381, will be found, on examination, generally to be cases of *known professional relations*, and most of them where suit has been brought; and there, it is held that a power to collect does not authorize an assignment or any disposition other than by full payment.

Of like import are the adjudications in this court in respect to the extent of an attorney's powers over a claim placed with him to collect or sue on. *Morris* v. *Grier*, 76 N. C., 410; *Moye* v. *Cogdell*, 69 N. C., 93.

One of the cases relied on in support of the appellant's

contention and most favorable to his case, *Goodfellow* v. *Landis*, 36 Mo., 168, while sustaining the rule which protects the *bona fide* assignee of negotiable securities from an attorney, indicated upon the face of the paper as owner, subjoins the qualification that the transfer must be "limited to such persons as *receive the instrument in the due course of business*," a proposition which, if accepted as correct, embraces the case before us.   There are no circumstances here which were calculated to awaken suspicion or raise an inquiry as to the trusts attaching to the possession of the attorney.

No cases we have examined impugn the proposition which protects an assignment made in good faith and for full value, and we concur in the ruling of the court which exonerates Williams from liability to the plaintiff.   There is no error and the judgment must be affirmed.

Affirmed.