THE NATIONAL BANK OF CHAMBERSBURG (PA.) v. L. GRIMM.

*Attorney—Agent—Payment.*

1. An attorney to collect a debt, has no authority to receive anything except money in discharge of the demand entrusted to him.

2. The defendant, being indebted to T., executed his note for the amount, payable six months after date; which note T., before maturity, assigned to the plaintiff, who subsequently brought suit thereon. Pending the action, the attorney of the plaintiff and the defendant made an agreement that certain commissions due the latter from T. should be applied to the payment of the note, but T. failed to make the application: *Held*, that plaintiff was not bound by the agreement, and was entitled to recover the full amount of the note.

This was a CIVIL ACTION, tried before *Boykin, J.,* at August Term, 1891, of MOORE Superior Court.

The defendant made his promissory note to the Taylor Manufacturing Company for $401.95, dated the 2d day of April, 1886, and due six months from date. Before the note matured the payee endorsed it for value to the plaintiff, who held it as collateral security for an indebtedness due it from the said Manufacturing Company. The note not being paid at maturity, the said company "took it up along with several other past due discounts, by giving to the bank (the plaintiff) a new note for an amount equal to the sum then due on the discounts so taken up, and on the same day again deposited with the bank" the note now sued upon as collateral security for the new note mentioned. There is due upon the latter note to the plaintiff from the company a sum of money largely in excess of the amount due upon the note sued upon.

J. M. McDowell held the note sued upon, as attorney for the plaintiff, for collection, and he brought this action in April, 1888, and the defendant was then informed that the

plaintiff owned it, and he knew that it had at first been endorsed to the plaintiff before maturity for value, but there was no evidence that he knew of subsequent dealings between the plaintiff and the company. There was no evidence that the said company owed the defendant any amount before the bringing of this action.

The defendant testified, among other things, that the Taylor Manufacturing Company became indebted to him in the years 1889 and 1890, in an amount exceeding the note sued on, and that in June, 1890, the defendant called upon John M. McDowell, as attorney for plaintiff; that it was then and there agreed between them, that if the defendant would make sale of certain machinery for the Taylor Manufacturing Company, and send the notes for the same to the Taylor Manufacturing Company, which notes should include the defendant's commissions, the said commissions, when collected should be applied to the defendant's note; that thereafter the defendant made such sales, and his commissions amounted to more than enough to pay the note, attorney's fee and costs of suit, and that he sent the notes, which included his commissions, to the Taylor Manufacturing Company. A demand was made by plaintiff upon defendant, before this action was commenced, for the costs and attorney's fee, and defendant refused to pay the same.

There was no evidence that the Taylor Manufacturing Company ever delivered such notes to the plaintiff; that it was agreed between the defendant and McDowell, that upon receipt by the plaintiff of said notes, plaintiff would, upon payment of attorney's fee and costs of the action, dismiss the same; that the defendant admitted that he had never paid the costs or attorney's fees, but testified that the notes which he forwarded to the Taylor Manufacturing Company included his commissions coming to him in excess of the amount sued upon and such costs and attorney's fees.

There was evidence that the notes forwarded by him had been paid to the Taylor Manufacturing Company, but the date when paid was not stated.

There was evidence that the Taylor Manufacturing Company failed and made an assignment for the benefit of creditors some time after said notes were forwarded, and before trial of this action.

There was no evidence that McDowell. as attorney of the bank, had any other authority than to collect the note sued upon.

The following issues were submitted to the jury:

Did the Taylor Manufacturing Company transfer and assign to the plaintiff the note referred to in the complaint before maturity and for value?  Answer, Yes.

Has the defendant paid and satisfied the said note?  Answer, No.

The Court then instructed the jury, if they believed the evidence, the plaintiff was entitled to recover the amount of its demands, and the jury should find the issues accordingly. The defendant excepted.  Judgment for the plaintiff; defendant appealed.

*Messrs. W. J. Adams* and *J. W. Hinsdale,* for plaintiff.
*Messrs. W. C. Douglass* and *W. E. Murchison,* for defendant.

MERRIMON, C. J.—after stating the case:  It appears that the defendant executed the note sued upon to the Taylor Manufacturing Company, and the latter company sold and endorsed it to the plaintiff.  Whether it was negotiable or not (and there was some question as to this), it belonged to the plaintiff at and before the time this action began, and the defendant, the maker thereof, had knowledge of this fact then and ever thereafter.  Moreover, so far as appears, he then had no debt, claim or demand, legal or equitable, against the company to which he gave the note, that he could

set against it, or avail himself of, as a counter-claim or other defence, whereby to prevent the plaintiff from recovering from him the sum of money therein specified. He had no claim against that company until in the years 1889 and 1890. So that, at the time this action began, the plaintiff was plainly entitled to recover—the defendant then owed it—the amount of the note mentioned, which he was bound and refused or failed to pay.

In June of the last mentioned year, the attorney of the plaintiff, who was also the treasurer of the Manufacturing Company named, and the defendant, agreed between themselves that if the defendant would make sale of certain machinery of the company, take notes therefor and deliver the same to the company, then, when the notes should be collected, the defendant's commissions for making such sales should be applied in payment of the note of the plaintiff sued upon. Thereafter, the defendant made such sale, delivered the notes taken on account of the same to the company and the latter collected the same. The defendant's commissions amounted to a sum of money more than sufficient to pay the note, the subject of this action. There was no evidence to show that the company ever delivered the notes taken for the machinery to the plaintiff, or that the defendant's commissions were ever applied to the payment of the note in question. Indeed, the jury found, as a fact, that it had never been paid.

It appears that McDowell, as attorney for the plaintiff, only had authority to collect the note. He, hence, had no authority to go beyond that and agree to take anything in discharge of the note but money. He had no authority to take the defendant's right to commissions for selling the machinery referred to in discharge of the note. It does not appear that he undertook to do so. *Moye* v. *Cogdell,* 69 N. C., 93; *Herring* v. *Hottendorf,* 74 N. C., 588; *Williams* v. *Johnston,* 92 N. C., 532; *Ward* v. *Smith,* 7 Wall., 447; 7 Wait's Actions and Defenses, 435.

The fair and just interpretation of what he and the defendant agreed upon, was, that the commissions, when collected, should be applied to the payment of the plaintiff's note, that is, the treasurer of the company, as for it, agreed that when the notes should be collected, then the money received in payment of the defendant's commissions should be paid through its treasurer to the plaintiff. The plaintiff was not a party to that agreement, nor was it intended that it should be. The attorney intended no more than to say that he would take the commissions, when collected in cash, as payment. It was not intended, so far as appears from the evidence, that the *arrangement* should be accepted by the plaintiff in discharge of its note. The attorney had no authority to so agree, nor does it appear that he intended to do so. When, therefore, the Manufacturing Company collected the defendant's commissions for selling the machinery, and failed to pay the same to the plaintiff, and became insolvent, made an assignment of its property, the loss of the commissions was not that of the plaintiff, but that of the defendant. It was his misfortune that he failed to follow up his right, and compel the appropriation of his commissions as contemplated by himself and McDowell.

We are, therefore, of opinion that the Court's instructions to the jury, complained of, were correct.

Affirmed.