JULIUS LEWIS et al. v. J. C. BLUE.

*Attorney and Client — Compromise of Judgment without Authority.*

1. Authority in attorney to sue and collect a claim does not warrant him in compromising it.

2. Where an attorney, without authority from his client, assigns a judgment for less than its value: *Held*, that the plaintiff was the owner of the judgment, and that the amount for which it was transferred must be treated as a credit thereon.

This was a PROCEEDING heard by *Boykin, J.,* at the March Term, 1892, of the Superior Court of MOORE County.

The plaintiffs having a docketed judgment in the Superior Court of the county of Moore, moved for leave to issue an execution thereupon. The defendant opposed this motion, alleging that the plaintiffs were not the owners of the judgment.

The Court submitted an issue to the jury  It appeared, from the case stated on appeal, that upon the trial of said cause, Julius Lewis, one of the plaintiffs, testified as follows: That the plaintiffs are the owners of said judgment, and never assigned the same to anyone, and never authorized anyone else to do so for them, and the same has never been paid; that prior to the taking of said judgment, they placed the

account, upon which said judgment was taken, in the hands of J. W. Hinsdale, attorney at law, for collection, but did not authorize him to assign said claim or judgment, or compromise the same.

J. W. Hinsdale, introduced by the plaintiffs, testified as follows: That the claim upon which said judgment was taken was placed in his hands by the plaintiffs, as attorney, for collection, and that he either handed or sent said claim to W. E. Murchison, attorney, with instructions to collect the same; that plaintiffs did not authorize him to assign or compromise said claim or judgment; that, according to his recollection, Murchison had not paid him anything on said judgment; that he did not authorize Mr. Murchison to compromise said judgment.

The defendant introduced W. E. Murchison, who testified that J. W. Hinsdale turned over said claim to him with instructions to do the best he could with it; that he reduced the claim to judgment, and had it docketed in the Superior Court; that, in his opinion, the defendant Blue was insolvent, and at the request of N. A. McKethan, who had purchased lands from Blue, upon which the judgment was a lien, and in consideration of fifty or sixty dollars paid him by McKethan, he assigned and transferred said judgment to M. McL. McKethan, in writing, for the benefit of said N. A. McKethan, and signed plaintiffs' names to same by himself as attorney; that he had no authority from plaintiffs, excepting what was given by Col. J. W. Hinsdale, as hereinbefore testified to.

He further testified that, according to his recollection, he had paid said fifty dollars to Colonel Hinsdale in settlement between them.

After the introduction of the foregoing evidence, his Honor declined to submit any question of facts or issue to the jury, but held, as a matter of law, that the plaintiffs were

the owners of the judgment, and that the fifty dollars paid to said Murchison, was a payment on said judgment.

The plaintiffs asked his Honor to charge the jury, that if Murchison accepted the fifty or sixty dollars in compromise of the judgment without authority from the plaintiffs, that they could treat the same as a nullity, and collect the whole of this judgment from defendant; said instruction was refused; to which refusal, and the refusal of his Honor to submit these issues to the jury, plaintiffs excepted. To his Honor's ruling that the fifty dollars accepted by Murchison in compromise of said judgment should be applied as a payment on said judgment, the plaintiffs excepted.

The Court directed that the plaintiffs' judgment be credited with the sum of fifty dollars, and that execution issue for the balance thereof, according to law. The plaintiffs having excepted, appealed.

*Messrs. Douglass & Shaw* (by brief), for plaintiffs.
*Messrs. Black & Adams* (by brief), for defendant.

MERRIMON, C. J.: Accepting the evidence as true, the plaintiffs' attorneys had no authority to sell, transfer or assign their judgment; they simply had authority to collect the judgment in the way allowed by law and to take all proper legal steps for that purpose. They had not authority to take anything in payment of the judgment other than money, or less than the face value thereof, unless they had been specially authorized by the plaintiffs to do so. *Bank* v. *Grim,* 109 N. C., 93. So that the sale or assignment of the judgment was void and ineffectual.

The principal counsel, at a distance from the Court when the judgment was docketed, might avail himself of the services of local counsel in collecting the judgment, as he did do in this case, and such local counsel might, in good faith, collect and give a valid receipt for the money received. The

nature of the duties of attorneys in collecting debts implies authority to avail themselves of local counsel to look constantly and carefully after the creditor's interests. Such authority may be exercised in the orderly course of such business. *Rogers* v. *McKenzie*, 81 N. C, 164; *Branch* v. *Walker*, 92 N. C., 89; *Beck* v. *Bellamy*, 93 N. C., 129; *Bradford* v. *Williams*, 91 N. C., 7.

The assignment of the judgment was void, but the plaintiffs' counsel received fifty dollars on account of the same. This sum should go to the discharge of that much of the judgment, certainly, in the absence of objection by the defendant or the party who paid it for him. The plaintiffs can only look to their attorneys for the money so collected.

Affirmed.