### THE BANK OF FRANKLIN v. JOHN S. TROTTER AND WIFE, ADA BURNETT TROTTER, GUS LEACH, AND OTHERS.

(Filed 12 December, 1934.)

1. **Banks and Banking K c—Order allowing bank to reopen held to authorize it to sue on past-due notes held by it at time of closing.**

   An order of the Commissioner of Banks allowing a bank to reopen for business upon certain terms and limitations, which order expressly provides that the bank shall proceed in the orderly liquidation of its assets existing at the time of its closing and discharge its liabilities as of that date, authorizes the bank to institute and maintain suit on past-due notes existing in its favor at the date of its closing, suit on such notes being necessary for the liquidation of same, and being necessary to the execution of the order.

2. **Attorney and Client B b—Attorney employed to collect note has no authority to make agreement not to sue thereon.**

   An agreement by an attorney for a bank employed to collect a past-due note owing the bank, that suit would not be instituted thereon if the maker would pay a stipulated sum thereon monthly is not binding on the bank, since such agreement is beyond the scope of the attorney's authority.

3. **Same: Principal and Agent C f—Acceptance by payee of payments on note held not ratification of agent's void agreement not to sue thereon.**

   An attorney employed to collect a note made an unauthorized agreement with the maker not to institute suit on the note if the maker paid certain stipulated sums on the note monthly: *Held*, the acceptance by the payee of the stipulated sums does not constitute a ratification by the payee of the void agreement, since the payee received no moneys or payments it was not entitled to receive under the law.

4. **Bills and Notes F d—Void agreement for extension of time for payment of note will not release accommodation endorser thereon.**

   Where an agreement between the maker of a note and the attorney of the payee for an extension of time for payment is void for want of authority on the part of the attorney to make the agreement, and there is no valid ratification of the agreement by the payee, the void agreement for extension of time for payment will not release an accommodation endorser of liability on the note.

APPEAL from *Alley, J.,* at February Term, 1934, of MACON. Affirmed.

This was a civil action, instituted on 15 March, 1932, by the plaintiff bank upon various notes drawn by John S. Trotter, most of which were endorsed for the accommodation of said Trotter by his various co-defendants, including the defendant Leach. By consent of all parties, the case was referred to J. D. Mallonee, Esq., to hear the evidence, find the facts, and report conclusions of law. The referee filed his report under date of 5 August, 1933, to which various exceptions were filed by the parties plaintiff and defendants, and upon these exceptions the

case came on to be heard at term time. Some of these exceptions were sustained, either in the entirety or in part; and the report as thus modified was adopted and approved by the judge presiding. Judgment was entered in favor of the plaintiff against the various defendants, and the defendants John S. Trotter and Gus Leach alone perfected appeals to this Court.

*Smathers & Smathers for John S. Trotter, appellant.*
*Moody & Moody for Gus Leach, appellant.*
*Jones & Ward and Jones & Jones for Bank of Franklin.*

SCHENCK, J. We will first consider the appeal of the defendant John S. Trotter, which presents two questions, to wit:

1. Did the plaintiff bank, under the order of the Commissioner of Banks, have authority to institute and maintain this action?

2. Was there a valid agreement between the plaintiff bank and the defendant John S. Trotter that the bank would forbear instituting suit against defendant Trotter until 1 October, 1933, if the said defendant would pay the said bank on his indebtedness to it the sum of $150.00 per month until said date?

The answer to the first question is found in the order of the Commissioner of Banks, dated 3 June, 1931, permitting the plaintiff bank, which had been closed since 17 December, 1930, to reopen upon certain conditions therein set forth. The order reads in part: "That immediately upon reopening, said Bank of Franklin shall proceed in an orderly liquidation of the assets of the bank existing upon and prior to 17 December, 1930, and discharge all of its liabilities as of the date . . ." We think the words "proceed in an orderly liquidation of the assets of the bank existing upon and prior to 17 December, 1930," in the absence of any limitation annexed thereto, authorize the bank to maintain an action upon past-due notes held by it prior to the date named. Past-due notes are assets, and, if the makers thereof fail to pay, suit is one, if not the only, method of reducing such notes to money, that is, to liquidate them, so the proceeds therefrom may be utilized to discharge liabilities. While there are certain limitations and terms placed upon the bank by the order of the Commissioner of Banks as conditions precedent to reopening, we find none upon its right after reopening to maintain actions to bring about an orderly liquidation of its assets. In fact, to take away the right of the bank to enforce collection of its assets by suit would render the order practically nugatory.

Upon the second question presented, relative to the alleged agreement of the plaintiff bank to forbear instituting suit against the defendant Trotter until 1 October, 1933, upon the payment by said defendant to

said plaintiff on his indebtedness to it in the sum of $150.00 a month until said date, the evidence tends to show that John S. Trotter in attempting to make such an agreement had all of his negotiations with an attorney employed by the bank to collect its assets, and all that was done to consummate said agreement was done through and by said attorney; and Judge Alley so finds, and upon this finding the judge correctly held, as a matter of law, that there was no valid agreement between the plaintiff bank and the defendant Trotter.

In the case of *Bank v. McEwen,* 160 N. C., 414, *Walker, J.,* says:

"No one could reasonably suppose that it was within the scope of an attorney's authority to release a debt, or any party to a note, or to do anything which would have that effect, when his commission extended only to the collection of the debt. It is stated in the books that an attorney has no implied authority to work any discharge of a debtor but upon actual payment of the full amount of the debt, and that in money. He cannot release sureties or endorsers, nor enter a *retraxit,* when it is a final bar. . . ."

"It seems, therefore, to be the generally accepted doctrine that an attorney charged with the collection of a debt has no power, in virtue of his general authority, to do any act which will either release his client's debtor or his surety, nor can he materially jeopardize his client's interest in any way. An attorney at law is an officer in a court of justice, who is employed by a party in a cause to manage the same for him, and his client is concluded by his act done within the range of his authority. . . ."

" 'Although counsel has complete authority over the suit, the mode of conducting it, and all that is incident to it, . . . and the management and conduct of the trial, he has not by virtue of his retainer in the suit any power over matters which are collateral to it.' Pollock Ch. Baron, in *Swinfen v. Chelmsford,* 2 L. T. (N. S.), 406." See, also, *Hall v. Presnell,* 157 N. C., 290, and cases there cited.

The defendant Trotter contends that even if the attorney had no authority to make a contract to forbear instituting suit, that the plaintiff ratified such an agreement by accepting payments after the negotiations were had with said attorney. With this contention we cannot agree, since the plaintiff received from the defendant Trotter no moneys, or payments, it was not justly entitled to receive under the law. Receiving money from the defendant, which the defendant admits to be due, cannot be construed as a ratification of a void contract.

We find no error upon the appeal of the defendant John S. Trotter.

The appeal of the defendant Gus Leach presents but the single question: Did the plaintiff and defendant Trotter enter into such an agreement to extend the time of payment of the note on which the defendant

---

IN RE OWEN.

---

Leach was an accommodation endorser as would release and exonerate and discharge the defendant Leach from further liability; and, if not, did the plaintiff ratify an attempt of its attorney in its.behalf to enter into such a contract?

Since the alleged contract relied upon by the defendant Leach is the same one attempted to be made with the plaintiff's attorney for collection, and relied upon by the defendant Trotter, it is void for the reasons above set forth; and since the facts relied upon by the defendant Leach for ratification of an otherwise void contract are the same as those relied upon by defendant Trotter for the same purpose, the contention of the defendant Leach as to ratification must fail for the reasons hereinbefore assigned.

We find no error upon the appeal of the defendant Gus Leach.

The judgment of the Superior Court is

Affirmed.