MARY J. LEACH MORGAN AND HER HUSBAND, W. J. MORGAN, v. GURNEY
P. HOOD, COMMISSIONER OF BANKS, EX REL PAGE TRUST COMPANY,
W. P. COVINGTON, AND D. J. DALTON, JR., AND NOLA B. DALTON.

(Filed 6 January, 1937.)

**Judgments § 4—Agent authorized to handle litigation has no authority to
enter consent judgment on behalf of his principal.**

> An attorney employed to defend an action may not enter a consent
> judgment therein without special authority, nor may an agent authorized
> to look after and handle the litigation give the attorney employed by him
> for his principal authority to enter a consent judgment, and where the
> court finds that a party did not consent to the judgment which was
> entered by consent of her agent authorized to handle the litigation, it
> is error for the court to deny the party's motion, aptly made, to set aside
> the judgment.

APPEAL by defendant Nola B. Dalton from *Williams, J.,* at April
Term, 1936, of HOKE. Reversed.

This action was heard at April Term, 1936, of the Superior Court of
Hoke County on the motion of the defendant Nola B. Dalton that a
judgment rendered in the action at January Term, 1936, of said court,
purporting on its face to be a judgment by consent of the plaintiffs and
of the defendants D. J. Dalton, Jr., and Nola B. Dalton, be vacated
and set aside, on the ground that she did not consent to said judgment.

At the hearing the court found among other things that the action
was begun in the Superior Court of Hoke County on 27 July, 1935;
that both the summons and the complaint in the action were duly served
on the defendants, D. J. Dalton, Jr., and Nola B. Dalton, who are
brother and sister; that the defendant Nola B. Dalton, after the sum-
mons and complaint had been served on her, conferred with the de-
fendant D. J. Dalton, Jr., and authorized him to look after and handle
the litigation for her; that thereafter the defendant D. J. Dalton, Jr.,
employed an attorney-at-law, who resided in Hoke County, to represent
the said defendants jointly; that pursuant to said employment, the said
attorney prepared an answer to the complaint for said defendants, in
which all the allegations of the complaint which constitute a cause of
action in favor of the plaintiffs and against the said defendants were
denied; that said answer was duly verified by the defendant D. J. Dal-
ton, Jr., and was duly filed by said attorney, acting for and in behalf of
both said defendants; and that the defendant Nola B. Dalton was ad-
vised by the defendant D. J. Dalton, Jr., that said answer had been pre-
pared and duly filed.

The court further found that the action was on the calendar for trial
at January Term, 1936, of said court, and was duly called for trial at

said term; that the plaintiffs and all the defendants except Nola B. Dalton were present in court when the action was called for trial; that the defendant Nola B. Dalton had not been notified that the action was on the calendar for trial at January Term, 1936, of the court, and did not know that the action would be tried at said term; that during the progress of the trial, a compromise of the matters in controversy between them was agreed upon by the plaintiffs, and the defendant D. J. Dalton, Jr., acting for himself and for the defendant Nola B. Dalton; and that pursuant to said compromise a judgment purporting to be by consent of the plaintiffs and of the defendants D. J. Dalton, Jr., and Nola B. Dalton was prepared and signed by the judge presiding. This judgment was duly filed in the action.

The court further found that the compromise was not submitted to the defendant Nola B. Dalton, for her approval, and that she did not know that the judgment had been signed by the judge and filed in the action, until after the court had been adjourned for the term; that immediately upon learning that the judgment had been signed and filed, she employed counsel, and promptly filed her motion that said judgment be vacated and set aside; and that she had a meritorious defense to the cause of action alleged against her in the complaint.

On the facts as found by it, the court was of opinion "that D. J. Dalton, Jr., was the agent of his sister and codefendant, Nola B. Dalton, to handle the litigation for her and to look after her interests, and as such had authority to agree to its termination by compromise or otherwise," and accordingly adjudged "that the motion to vacate and set aside the consent judgment rendered at January Term, 1936, of this court be and the same is hereby denied, and the said motion is dismissed."

From this judgment the defendant Nola B. Dalton appealed to the Supreme Court, assigning error in the judgment.

*No counsel, contra.*

*Varser, McIntyre & Henry for appellant.*

CONNOR, J. At the hearing of appellant's motion that the judgment rendered in this action at the January Term, 1936, of the Superior Court of Hoke County, and purporting on its face to be a judgment by consent of the plaintiffs and of the defendants D. J. Dalton, Jr., and Nola B. Dalton, be vacated and set aside on the ground that appellant did not consent to said judgment, the court did not find that the attorney who was employed by the defendant D. J. Dalton, Jr., to represent himself and the appellant jointly, as authorized by her, compromised the matters involved in the action and consented to the judgment in her behalf, solely by reason of his employment as her attorney. The court

found that the defendant D. J. Dalton, Jr., compromised the action and consented to the judgment in behalf of the appellant, as her agent, and that for that reason appellant is bound by the judgment.

It is well settled that an attorney-at-law has no authority to compromise his client's case, or to consent to a judgment which will be binding on his client, founded upon such compromise, unless he had been specially authorized so to do by his client. Such authority will not be presumed from his employment, and a judgment by consent of the attorney founded upon a compromise made by him, without such authority, will ordinarily be vacated and set aside on motion of the client made in apt time. See *Bank v. Trotter,* 207 N. C., 442, 177 S. E., 325; *Chavis v. Brown,* 174 N. C., 122, 93 S. E., 471; *Bank v. McEwen,* 160 N. C., 414, 76 S. E., 222; *Morris v. Grier,* 76 N. C., 410; *Moye v. Cogdell,* 69 N. C., 93. In the last cited case, it is held that authority to compromise a case, and to consent to a judgment founded on such compromise, cannot be conferred upon an attorney by an agent who was authorized by his principal to employ an attorney. In that case a compromise made by an attorney as authorized by the agent was set aside on motion of the principal. She had not consented to the compromise and was therefore not bound by its terms.

The finding by the court in the instant case, that the defendant D. J. Dalton, Jr., was authorized by the appellant to employ an attorney-at-law to represent her in the action, does not support the conclusion by the court that the said D. J. Dalton, Jr., had authority to agree to a termination of the action by compromise or otherwise.

In view of the finding by the court that appellant did not consent to the compromise and to the judgment, there is error in the judgment denying her motion which was made in apt time. The judgment is

Reversed.